FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 05 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANKLIN H. FOX and<br>FRANKLIN C. FOX, individually and<br>on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUN STATE ELECTRIC COMPANY, INC.,<br>SUN STATE ELECTRIC SERVICES, LLC,<br>THOMAS E. LOFTIS and ROY FERGUSON,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION FILE
NO. **1:11-CV-1076**

<u>COLLECTIVE ACTION</u>

<u>JURY TRIAL DEMANDED</u>

**CAP**

## <u>COMPLAINT – STATUTORY CLASS ACTION</u>

COMES NOW, Plaintiff Franklin H. Fox (hereinafter "Plaintiff Frank Fox"),

and Plaintiff Franklin C. Fox (hereinafter "Plaintiff Chris Fox") and files this

lawsuit individually and on behalf of all similarly situated individuals against

Defendant Sun State Electric Company, Inc. (hereinafter "Defendant Sun State

Electric"), Defendant Sun State Electric Services, LLC (hereinafter "Defendant

Sun State Electric Services"), Defendant Thomas E. Loftis (hereinafter "Defendant

Loftis") and Defendant Roy Ferguson (hereinafter "Defendant Ferguson"), and

shows the following:

# I. NATURE OF COMPLAINT

1.

This Complaint if filed by Plaintiff Frank Fox and Plaintiff Chris Fox, former employees of Defendants, individually and on behalf of those similarly situated. Plaintiffs bring this action to obtain full and complete relief and to address the unlawful employment practices described herein. Plaintiffs bring this action on behalf of themselves and that class of similarly situated employees and former employees.

2.

This action seeks declaratory, injunctive, compensatory, liquidated and other equitable relief from unlawful wage and hour practices against Plaintiff Frank Fox and Plaintiff Chris Fox and similarly situated employees and former employees, on account of Defendants' violation of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C.A. §201 et seq. (hereinafter "the FLSA").

# II. JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C.A. §216(b) and 28 U.S.C.A. §1331. The offices of Defendant Sun State Electric and Defendant Sun State Electric Services at all times material to this Complaint were

2

located at 3700 Kennesaw S. Industrial Drive, Kennesaw, Cobb County, Georgia.

Defendant Loftis resides at 575 Old Cobblestone Drive, Atlanta, Cobb County,

Georgia 30350 and Defendant Ferguson resides at 170 Wesley Drive, Dallas,

Paulding County, Georgia 30101.  Venue in this Court is proper pursuant to 29

U.S.C.A. §216(b) and LR 3.1B, Northern District of Georgia.

## III. PARTIES

4.

The Plaintiffs are citizens of the United States and are residents of the State

of Georgia.

5.

Defendant Sun State Electric may be served by service on its registered

agent, Thomas E. Loftis, at 4450 Bellmonte Dr., Cumming, Forsyth County,

Georgia 30040.

6.

Defendant Sun State Electric Services may be served by service on its

registered agent, Meredith Loftis, 4450 Bellmonte Dr., Cumming, Forsyth County,

Georgia 30040.

7.

Defendants Loftis and Ferguson can be served at their residence which are

for Defendant Loftis, 575 Old Cobblestone Drive, Atlanta, Cobb County, Georgia

30350 and for Defendant Ferguson, 170 Wesley Drive, Dallas, Paulding County,

Georgia 30101.

8.

Both Defendant Loftis and Defendant Ferguson were managers for

Defendant Sun State Electric and Defendant Sun State Electric Services at all times

relevant to this Complaint.  Defendants Loftis and Ferguson were employers of

Plaintiffs and those similarly situated as that term is defined in 29 U.S.C.A.

§203(d).  They exercised control over the nature and structure of the employment

relationship between Defendant Sun State Electric and Defendant Sun State

Electric Services and their employees including Plaintiffs, and they had economic

control over the relationship, including the payment of wages including overtime

wages.

9.

Plaintiffs Frank Fox and Chris Fox, and other similarly situated employees,

were employed jointly by Defendants Sun State Electric and Sun State Electric

Services during much of the time material to this Complaint.

10.

Plaintiff Frank Fox had worked for Defendant Sun State Electric and/or Defendant Sun State Electric Services for almost 15 years at the time of his termination on April 9, 2010. Plaintiff Chris Fox had worked for these Defendants for more than 4 years as of the date of his termination on April 9, 2010.

11.

At no time material to this Complaint was either Plaintiff Frank Fox or Plaintiff Chris Fox employed in a capacity that would have been exempt from the minimum wage and/or overtime requirements of the FLSA.

12.

Plaintiffs Frank Fox and Chris Fox and similarly situated employees worked for Defendants without receiving the overtime pay required by the FLSA. These violations of the law were willful and occurred within 3 years of the filing of this Complaint.

13.

Both Plaintiff Frank Fox and Plaintiff Chris Fox and the similarly situated employees were paid on an hourly basis with overtime at time and one-half their regular rate for hours worked over 40, though they did not receive pay for all

overtime hours worked by them during the three years immediately preceding the filing of this Complaint.

14.

Plaintiff Frank Fox and Plaintiff Chris Fox, and all of those similarly situated were employees of all of the Defendants as that term is defined in the FLSA §3(e), 29 U.S.C.A. §203(e).

15.

Plaintiffs Frank Fox and Chris Fox and all similarly situated employees were at all times material to this Complaint engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, and should have received the minimum wage and overtime provided under the FLSA 29 U.S.C.A. §206 and 29 U.S.C.A. §207.

16.

Plaintiff Frank Fox was terminated by Defendants on April 9, 2010 in retaliation for his earlier protest concerning Defendants' failure to pay required overtime to Plaintiff Frank Fox and his crew. Plaintiff Frank Fox's discharged occurred approximately two (2) weeks following his protest to management

concerning this failure to pay overtime.  Plaintiff Frank Fox's termination was willful and in violation of §15(a)(3) of the FLSA, 29 U.S.C.A. §215(a)(3).

17.

Plaintiff Chris Fox was terminated by Defendants on April 9, 2010 in retaliation for his earlier protest concerning Defendants' failure to pay required overtime.  Plaintiff Chris Fox's discharged occurred approximately two (2) weeks following his protest to management concerning this failure to pay overtime. Plaintiff Chris Fox's termination was willful and in violation of §15(a)(3) of the FLSA, 29 U.S.C.A. §215(a)(3).

18.

Defendant Sun State Electric Services, Defendant Sun State Electric, Defendant Loftis and Defendant Ferguson employed Plaintiffs and those similarly situated employees jointly at all times material to this Complaint.

## IV.  STATUTORY CLASS ALLEGATIONS

Plaintiff Frank Fox And Plaintiff Chris Fox Bring This Collective Action Pursuant

To 29 U.S.C.A. §216

19.

Based upon information and belief, Plaintiff Frank Fox and Plaintiff Chris Fox believe that the proposed class will number approximately 5 to 12 or more

class members.  This class is defined as those individuals who were not paid

minimum wage or overtime as required by the FLSA during the 3 years preceding

the filing of this Complaint.

20.

Also those class members are "similarly situated" in that they are and/or

were employees of the Defendants and were not paid minimum wage and/or

overtime as required by the FLSA.

## V.  COUNT ONE — VIOLATION OF THE MINIMUM WAGE AND OVERTIME REQUIREMENTS OF THE FAIR LABOR STANDARDS ACT

21.

Plaintiff Frank Fox and Plaintiff Chris Fox re-allege paragraphs 4 through 20

as if fully restated herein.

22.

The Defendants have willfully violated the FLSA §6 and §7 (29 U.S.C.A.

§206 and 29 U.S.C.A. §207), by failing to pay minimum wage and overtime at the

rate of one and one-half times the employee's regular rate for hours worked in

excess of forty (40) in a workweek.

23.

Pursuant to the FLSA §16 (29 U.S.C.A. §216), Plaintiff Frank Fox and

Plaintiff Chris Fox bring this lawsuit to recover unpaid minimum wage and

overtime, along with liquidated damages in an equal amount and their attorney's

fees and costs of this litigation.

## VI.  COUNT TWO — RETAILATION FOR ENGAGING IN PROTECTED

## PROTEST

24.

Plaintiff Frank Fox and Plaintiff Chris Fox re-allege and restates paragraphs

4 through 23 as if fully restated herein.

25.

Both Plaintiff Frank Fox and Plaintiff Chris Fox were terminated on April 9,

2010 because of their protest of Defendants' violation of the wage hour law.

26.

Defendants' termination of Plaintiff Frank Fox and Plaintiff Chris Fox was

in wanton disregard for Plaintiffs' federally protected right to protest violations of

the FLSA and were willful violations of the law.

9

27.

Plaintiff Frank Fox and Plaintiff Chris Fox bring this action to recover lost wages and benefits subsequent to their illegal termination on April 9, 2010, along with liquidated damages in an equal amount, attorneys' fees, and the cost of this litigation.

## VII. PRAYER FOR RELIEF

28.

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)     Order that Class-wide notice be sent and/or provided to all prospective class members pursuant to 29 U.S.C.A. §216;

(b)     Grant the Plaintiffs, individually, and on behalf of similarly situated individuals, a trial by jury as to all issues of fact;

(c)     Enter judgment against Defendants awarding Plaintiffs, individually, and on behalf of similarly situated individuals, unpaid wages pursuant to the FLSA §6 and §7, 29 U.S.C.A. §206 and §207, liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under the FLSA §16, 29 U.S.C.A. §216;

(d)     Enter judgment against Defendants awarding Plaintiff Frank Fox and Plaintiff Chris Fox reimbursement of all lost wages and benefits from the date of

their termination along with liquidated damages in an equal amount with pre-

judgment interest on such lost wages and benefits, court costs, expert witness fees

and reasonable attorneys' fees as provided under the FLSA;

(e)     Award Plaintiffs, individually, and on behalf of similarly situated

individuals, such further and additional relief which this Court deems just and

appropriate.

Respectfully submitted this 5th day of April, 2011.


John R. Crenshaw, Esq.
Georgia Bar No. 195800

300 Galleria Parkway, N.W., Suite 1000
Atlanta, GA 30339                                    Attorney for Plaintiffs
770-956-1700