# AGREEMENT AND GENERAL RELEASE

1. **Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter the "Agreement") by and between Franklin H. Fox and Chris Fox (collectively "Releasors") and Sun State Electric Company, Inc., Sun State Electric Services, LLC, Thomas E. Loftis, and Roy Ferguson (collectively "Defendants"). The term "Releasees" as used herein shall be defined as Defendants and all of their former and current corporate parents, subsidiaries, divisions and any affiliates, franchisors, franchisees, and the former and current officers, directors, owners, employees, shareholders, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

2. **Payment And Consideration:**

   A.   Upon the effective date of this Agreement as provided for below, Defendants shall mail the three settlement checks referenced below to Wasson, Sours & Harris, P.C., 300 Galleria Parkway, N.W., Suite 1000, Atlanta, GA 30339. First, Defendants shall issue a check made payable to "Franklin H. Fox" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment for general damages

for Releasors' retaliation claim, which may be subject to 1099 reporting. Second, Defendants shall issue a check made payable to "Chris Fox" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment for general damages for Releasors' retaliation claim, which may be subject to 1099 reporting. Third, Defendants shall issue a check made payable to "John Crenshaw" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment for attorney's fees and costs, which may be subject to 1099 reporting. Releasors and Defendants (collectively "the Parties") acknowledge and agree that the Releasors are not owed any unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"). Accordingly, the Parties acknowledge and agree that none of the payments specified in this paragraph represent unpaid or lost wages and, as such, are not subject to withholding.

      B.    The Parties recognize that the Releasors have filed a Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, bearing Civil Action No. 1:11-CV-01076-CAP and that the Parties intend to promptly file a Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case With Prejudice and Proposed Order in the form attached as Exhibit A. The Releasors and their counsel acknowledge and agree that that this Agreement shall become effective only upon the Court's approval of the proposed order attached hereto as Exhibit A. In the event the Court denies the

parties' Joint Motion and the parties cannot, thereafter, secure court approval of a mutually acceptable settlement agreement within 45 days of the Court's Order denying the Joint Motion, this Agreement is null and void.

3. **Reapplication for Employment:**

The Releasors agree and covenant that the Releasors have not and will not at any time apply or reapply for a position of employment with the Releasees.

4. **General Release:**

    A. For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Releasors knowingly and voluntarily release and forever discharge the Releasees from any and all causes of action, suits, debts, sums of money, damages, judgments and claims whatsoever in law or in equity, whether known or unknown, which the Releasosr ever had, now have or may in the future have against the Releasees, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with:

    (i) the above-captioned civil action pending before the United States District Court, Northern District of Georgia;

(ii) employment of and/or termination of employment between the Defendants and the Releasors;

(iii) unlawful acts of any kind arising under or in reliance upon any statute (federal, state or local);

(iv) deprivation of civil rights, unlawful acts of any kind, or discrimination under state, local or federal law or otherwise including, but not limited to, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, and the Fair Labor Standards Act;

(v) interference with or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and breach of contract of any kind;

(vi) retaliatory or wrongful discharge, breach of policy and/or public policy, bad faith discharge, negligence, negligent discharge, intentional or negligent infliction of emotional or mental distress, invasion of privacy, deceit, interference with advantageous relations, outrageous conduct, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

(vii) interference with business relationships, contractual relationships or employment relationships of any kind;

(viii)  loss of consortium;

(ix)    attorneys' fees, expenses or costs as may be allowed by law, including pursuant to any statute, contract or common-law claim;

(x)     any and all other claims arising under law or equity; and

(xi)    any and all other claims asserted, or which could have been asserted, by the Releasors in any other charge or claim and alleged violation of any applicable law, rule, ordinance, regulation, or order.

   B.   It is further understood and agreed that this Agreement and the payment made hereunder constitutes full and final satisfaction of all claims of every nature, direct or indirect, against all persons, firms, or corporations, including those who are or might be held to be joint and/or successor tortfeasors, with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to the claims set forth in this Agreement.

5. **Knowing And Voluntary Waiver And Release:**

   A.   It is understood and agreed that this Agreement is executed by the Releasors knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the

Releasors' claims.

  B. The Releasors also acknowledge that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasors further acknowledge that consideration for this Agreement consists of financial payments and benefits to which the Releasors otherwise has no legal entitlement.

  C. As part of the consideration for the conditions of the settlement as set forth herein, the Releasors expressly warrant and represent to the Defendants that: (i) the Releasors are legally competent to execute this Agreement; (ii) the Releasors have not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasors have or may have by reason of the incident described above or any matters arising out of or relating thereto; and (iii) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted in the above-referenced civil action, including, but not limited to, liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan; and (iv) all healthcare-

related, medical, dental, pharmacy, hospital, nursing home, physician practice, and provider of traumatic burn care medical practice charges and bills incurred for treatment of injuries relating to or in any way connected with the claims asserted in the above-referenced civil action for which a compromise and settlement has been made have been fully paid.

6. **Right To Retain Advisor Or Counsel:**

A. It is understood that the Releasors have the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and are hereby advised to consult with legal counsel prior to signing this Agreement.

B. The Releasors acknowledge that, upon the effective date of this Agreement and General Release, the Releasors will fully and irrevocably release any and all claims the Releasors may have against the Releasees as specified in this Agreement.

7. **Entire Agreement:**

A. This Agreement constitutes the entire agreement between the Releasors and the Releasees pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular

manner whatsoever except by a writing duly executed by the Releasors and an authorized representative of the Defendants.

    B.    In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

**8.**    **Confidentiality And Non-Disparagement:**

    A.    The understanding set forth in this Agreement shall be considered of the highest confidentiality. The Releasors recognize that the obligation of confidentiality described in this paragraph is a fundamental condition of this Agreement.

    B.    The Releasors agree that they will not make any disclosure concerning the terms of this Agreement to any person or entity, except as required by law. Nothing contained herein shall be construed to prevent the Releasors from disclosing the amount and terms of settlement to their respective spouses, financial advisors or accountants, auditors or attorneys or reporting to tax authorities or to any regulatory agency, or court when required by law or court order to do so. The Releasors agree that they will notify any such individual to whom they tell of the existence of this confidentiality provision and the consequences for violating this

provision. The Releasors acknowledge and covenant that it would be difficult, if not impossible, to accurately determine damages which would result from a breach of this subparagraph and, therefore, the Releasors agree to pay $500 per breach to the Defendants if they violate this confidentiality provision.

  C. The Defendants will give written notice to the Releasors in the event that the Defendants contend the Releasors have breached this Agreement and the Releasors will have 14 calendar days within which to reasonably cure the breach. If the Releasors have not cured the breach, the Releasors acknowledge that the Defendants may bring suit to enforce the terms of this Agreement, including a suit for equitable relief and injunctive relief. Written notice to the Releasors shall be submitted to the below named representative of the Releasors by certified mail, return receipt requested.

    John Crenshaw
    Wasson, Sours & Harris, P.C.
    300 Galleria Parkway, N.W., Suite 1000
    Atlanta, Georgia 30339

  D. The Releasors covenant that, if the Releasors are subpoenaed or compelled to testify, or provide a written or oral statement of any kind to anyone regarding the Releasors' employment with the Defendants, the Releasors will give ten (10) days written advance notice to the Defendants by submitting written notice

to the below named representative of Defendants by certified mail, return receipt requested.

> Benton J. Mathis, Jr.
> Freeman, Mathis & Gary, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, Georgia 30339

**9.    Successors And Assigns:**

This Agreement shall be binding upon the Releasors and the Releasors' heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

**10.   Non-Admission:**

The Releasors acknowledge that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind. In particular, the parties explicitly agree that this Agreement shall not be deemed an admission that the Defendants violated the FLSA or that the Releasors are entitled to liquidated damages.

11. **Notice Provisions of O.C.G.A. § 33-7-12 and § 33-24-41.2**

By executing this Agreement and General Release, the Releasors acknowledge the settlement of their claims (as previously defined in Paragraph 4(a), including subparts (i) - (xi)) for an amount above $5,000 and that such acknowledgement waives any special notice required under O.C.G.A. § 33-24-41.2 of a payment by an insurer or its representative to the Releasors.

12. **Miscellaneous:**

A.   The Releasors acknowledge that the Releasors have had reasonable and sufficient time to consider whether or not the Releasors desire to enter into this Agreement and any decision by the Releasors to execute this Agreement prior to that time is a knowing and voluntary decision.

B.   The Releasors agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. The Releasors further agree to indemnify and hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Defendants by reason of any such claims, including any amounts paid by the Defendants as taxes, attorney fees,

deficiencies, levies, assessments, fines, penalties, interest or otherwise.

      C.    The Releasors acknowledge that neither the Releasees nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

      D.    The Parties agree that this Agreement shall be governed by, interpreted, and construed in accordance with the laws of the State of Georgia and that any dispute arising out of its terms, including any alleged breach, shall exclusively be heard in the federal or state courts in the State of Georgia.

      E.    The Parties hereby acknowledge and agree that this Agreement may be executed in multiple counterparts, each of which shall be deemed an original. All counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax signatures, in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Releasors and the below representative of the Defendants set their hand and seal.

_____                        9/2/11
Franklin H. Fox (seal)                                 Date

_[signature]_  
Chris Fox (seal)

9/2/11  
Date

_____  
Thomas E. Loftis, individually and  
as a representative of Sun State  
Electric Company, Inc. and  
Sun State Electric Services, LLC (seal)

_____  
Date

_____  
Roy Ferguson (seal)

_____  
Date

**APPROVED**

_[signature]_  
John R. Crenshaw  
Attorney for the Releasors (seal)

9/2/11  
Date

_____  
Benton J. Mathis, Jr.  
Attorney for the Defendants (seal)

_____  
Date

_____    _____
Chris Fox (seal)                         Date


_____    _____
Thomas E. Loftis, individually and       Date
as a representative of Sun State
Electric Company, Inc. and
Sun State Electric Services, LLC (seal)


*/s/ Roy Ferguson*
_____     9-7-11
Roy Ferguson (seal)                      Date


APPROVED


_____    _____
John R. Crenshaw                         Date
Attorney for the Releasors (seal)


_____    _____
Benton J. Mathis, Jr.                    Date
Attorney for the Defendants (seal)

_____                    _____
Chris Fox (seal)                                            Date

_____                    _9/10/2011_____
Thomas E. Loftis, individually and                          Date
as a representative of Sun State
Electric Company, Inc. and
Sun State Electric Services, LLC (seal)


_____                    _____
Roy Ferguson (seal)                                         Date


**APPROVED**


_____                    _____
John R. Crenshaw                                            Date
Attorney for the Releasors (seal)


_____                    _____
Benton J. Mathis, Jr.                                       Date
Attorney for the Defendants (seal)

_____    _____
Chris Fox (seal)                  Date


_____    _____
Thomas E. Loftis, individually and    Date
as a representative of Sun State
Electric Company, Inc. and
Sun State Electric Services, LLC (seal)


_____    _____
Roy Ferguson (seal)               Date

APPROVED


_____    _____
John R. Crenshaw                  Date
Attorney for the Releasors (seal)

*[signature]*

_____    9-12-11
Benton J. Mathis, Jr.             Date
Attorney for the Defendants (seal)